



**U.S. Department of Justice**

S. Amanda Marshall
United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600          (503) 727-1000
Portland, OR 97204-2902                  Fax (503) 727-1117

AUSA Ryan W. Bounds                      Desk (503) 727-1141

September 9, 2014

Gerald Needham, Esq.
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

      Re:    *United States v. Jason Michael Keating*, Case No. 3:14-cr-00282-KI-3
            Plea Offer

Dear Mr. Needham:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count 1 of the Indictment, which charges him with Conspiracy to Transport, Receive, and Sell Stolen Goods, in violation of 18 U.S.C. § 371, and to admit the Forfeiture Allegation.

3.    **Penalties**: The maximum sentence for the offense charged in Count 1 is five years' imprisonment, a fine of $250,000, and 3 years of supervised release, in addition to a mandatory $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of his guilty plea or to explain to the Court why this cannot be done.

4.    **No Prosecution on Other Charges**: Upon defendant's conviction pursuant to this agreement, the USAO shall dismiss Count 5 of the Indictment and forgo additional charges against defendant in the District of Oregon arising out of this investigation, insofar as they are known to the USAO as of the date and time of this letter.

5.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Gerald Needham, Esq.
Re: *United States v. Jason Michael Keating*
September 9, 2014
Page 2

---

6. **Relevant Conduct**: The parties agree that defendant's relevant conduct involved his receipt and sale of stolen shoes worth at least $679,650. This conduct generates an offense level of 20 pursuant to USSG § 2B1.1(a)(2) and (b)(1)(H).

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in his offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8. **Recommendation of Downward Variance**: In light of defendant's waiver of motions and additional discovery, acceptance of responsibility for the full scope of the scheme of which the charged offenses were a part, and cooperation in the investigation, the USAO agrees to recommend an additional four-level downward variance from the otherwise applicable advisory Sentencing Guideline range. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Low-End Recommendation**: If defendant enters a timely plea of guilty, accepts responsibility as described in paragraphs 7-8, *supra*, the USAO agrees to recommend that the Court impose a low-end sentence of imprisonment for one year and one day, followed by three years of supervised release.

10. **Restitution**: The recommendations described in paragraphs 7 through 9, *supra*, are also conditioned upon defendant's agreement to restitution and compliance with Title 18, United States Code, Section 3664(d)(3) (financial affidavit, Mandatory Victims Restitution Act).

    **A. Disclosure of Financial Information:** Defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, to sign that form under penalty of perjury, and to provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.

    **B. Credit Report:** Defendant expressly authorizes the USAO to obtain a credit report on him. Defendant agrees to provide waivers, consents, and releases as requested by the USAO to access records to verify the financial information, such releases to be valid for a period extending

90 days from the date of sentencing. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

   **C.   Potential Breach:** Defendant's failure timely and accurately to complete and to execute the financial statement as described in subparagraph A, *supra*, as well as any update thereto, may constitute a failure to accept responsibility under USSG § 3E1.1 and be deemed a material breach of this agreement.

   **D.   Transfer of Assets:**   Prior to sentencing, defendant agrees to notify the Financial Litigation Unit of the USAO before the defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships and corporations.

   **E.   Restitution Amount:** The USAO and defendant agree that the preponderance of evidence supports a finding that the victims' losses resulting from defendant's charged offenses is $35,000, which liability shall be imposed jointly and severally upon defendant and TUNG WING HO and KYLE KEOKI YAMAGUCHI.   Defendant expressly agrees to the entry of an order of restitution in that amount but acknowledges that the victim, Nike Inc., is entitled to seek, and the Court may order, restitution in a greater amount.

   **F.   Restitution Schedule:**   The Court shall order restitution to the victims in the full amount of their losses as required by law and determined by the Court.   Defendant agrees that, while the Court sets the payment schedule, this schedule may be exceeded whenever defendant's financial circumstances change.   In that event, and consistent with its statutory obligations, the United States may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

11.   **Forfeiture Terms:**

   **A.       Assets and Authority**:   By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), including $21,750 in U.S. currency, $206,801 in U.S. currency, and a 2014 Mercedes, all of which were previously seized in this case and all of which defendant admits constitute the proceeds of defendant's criminal activity as set forth in Count 1 of the Indictment.   Defendant agrees to the administrative forfeiture of the assets listed above, and further agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.   Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding.   Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-listed assets.   Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.   Defendant further agrees that

Gerald Needham, Esq.
Re: *United States v. Jason Michael Keating*
September 9, 2014
Page 4

---

forfeiture of these assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

**B.     Money Judgment**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to a money judgment in the amount of $97,709 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which defendant admits represents additional proceeds of defendant's criminal activity set forth in Count 1 of the Indictment. This money judgment shall not be joint and several with defendant's co-defendants. Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of this money judgment. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of this money judgment, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of this money judgment shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture, nor is it satisfied in whole or in part by the assets referenced in 11.A, *supra*. Defendant agrees that forfeiture of substitute assets as authorized pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of defendant's sentence.

12.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court at sentencing. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Defendant expressly agrees that this waiver shall remain effective in the event that the USAO alters its sentencing recommendation as provided in paragraphs 7–9, *supra*, or if defendant breaches this agreement as described in paragraph 14, *infra*.

13.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or the presentence investigation report (PSR). Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

Gerald Needham, Esq.
Re: *United States v. Jason Michael Keating*
September 9, 2014
Page 5

---

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR-writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: It is expressly understood and agreed by the parties that, in addition to any violation of the terms herein stated, it shall constitute a material breach of this Plea Agreement by defendant if he, after executing this agreement, commits any further crime or violates any condition of release or supervision imposed by the Court (whether or not such crime or violation results in new charges or revocation of release or supervision).

If defendant breaches this agreement, the USAO shall be relieved of any obligation under this agreement, but defendant may not withdraw any guilty plea or his waiver of appeal and post-conviction relief as described in paragraph 12, *supra*.

16. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

(Continued on next page.)

17.     **Deadline**:   This plea offer expires if not accepted by noon on September 15, 2014.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

RYAN W. BOUNDS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.   I understand and voluntarily agree to its terms.   I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

4-21-2015
Date

Jason Michael Keating
Defendant

I am legal counsel for defendant.   I have carefully reviewed and discussed every part of this plea offer with defendant.   To my knowledge defendant's decisions to accept this agreement and to plead guilty are informed and voluntary ones.

4-21-2015
Date

Gerald Needham, Esq.
Attorney for Defendant